**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION**

|  |  |
|---|---|
| BONNIE PERKINS,<br><br>            Plaintiffs,<br><br>        v.<br><br>CAPITAL ONE BANK (USA), N.A,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)  **Case No.:**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

BONNIE PERKINS ("Plaintiff"), by her attorneys, alleges the following against

CAPITAL ONE BANK (USA), N.A ("Defendant"):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for District of Arizona pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the

1
2

events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

3

**PARTIES**

4.   Plaintiff is a natural person residing in Maricopa County, in the city of Mesa, Arizona.

4

5

5.   Defendant is a Virginia corporation doing business in the State of Arizona.

6

6.   At all times relevant to this Complaint, Defendant has acted through its agents

7

employees, officers, members, directors, heir, successors, assigns, principals, trustees,

8

sureties, subrogees, representatives and insurers.

9

**FACTUAL ALLEGATIONS**

10

7.   Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged

11

debts incurred through purchases made on credit issued by Defendant.

12

8.   Defendant placed collection calls to Plaintiff's cellular telephone at phone number (602)

13

228-67XX.

14

9.   Defendant places collection calls to Plaintiff from phone numbers using an automated

15
16

telephone dialing system including, but not limited to (800) 955-6600.

17

10. Per its prior business practices, Defendant's calls were placed with an automated

18

telephone dialing system ("auto-dialer").

19

11. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §

20

227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt

21

allegedly owed by Plaintiff, BONNIE PERKINS.

22

12. Defendant's calls constituted calls that were not for emergency purposes as defined by

23

47 U.S.C. § 227(b)(1)(A).

24
25

PLAINTIFF'S COMPLAINT

13. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15. On March 30, 2017, at or around 1:37 p.m. Pacific Standard Time, Plaintiff called into Defendant's company at phone number (800) 955-660. Plaintiff spoke with Defendant's male representative and requested that Defendant cease calling Plaintiff's cellular phone.

16. During the conversation on March 30, 2017, Plaintiff gave Defendant both her account number and address to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

17. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on March 30, 2017.

18. Despite Plaintiff's request to cease, Defendant placed another two (2) collection calls to Plaintiff on April 6, 2017.

19. Defendant continued to place collection calls to Plaintiff through September 6, 2017.

20. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least two hundred and sixty-seven (267) automated calls to Plaintiff's cell phone.

///

///

PLAINTIFF'S COMPLAINT

1
2

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

3
4

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

5
6

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

7
8
9

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

10
11
12

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

13
14

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

15
16
17

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

18
19

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

20
21
22

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

23
24
25

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BONNIE PERKINS, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A, for the following:

### FIRST CAUSE OF ACTION

29. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (267); $133,500.00;

30. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

31. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (267); $400,500.00;

32. Actual damages and compensatory damages according to proof at time of trial;

### ON ALL CAUSES OF ACTION

33. Actual damages and compensatory damages according to proof at time of trial;

34. Costs and reasonable attorneys' fees;

35. Any other relief that this Honorable Court deems appropriate.

### JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED: October 15, 2018

*/s/ Ibrahim Muhtaseb*
Ibrahim Muhtaseb
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT